IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS

| | |
|---|---|
| GERALD CONWAY, HAYDEN JOHNSON, MELISSA MCGUIRE, ROBERT ROWLAND, ANDREW WILLIAMS, and DOMONIQUE WILSON, on behalf of themselves individually and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>GREYSTAR REAL ESTATE PARTNERS, LLC; GREYSTAR RS NATIONAL, LLC; GREYSTAR MANAGEMENT SERVICES, LLC; CAMDEN PROPERTY TRUST; CAMDEN OPERATING, L.P.; CAMDEN DEVELOPMENT, INC.; CAMDEN SUMMIT PARTNERSHIP, L.P., LIVCOR, LLC; CUSHMAN & WAKEFIELD, INC.; PINNACLE PROPERTY MANAGEMENT SERVICES, LLC; CORTLAND MANAGEMENT, LLC; CORTLAND SERVICES, LLC; WILLOW BRIDGE PROPERTY COMPANY, LLC; and REALPAGE, INC.;<br><br>Defendants. | CIVIL ACTION NO. 4:25-CV-4980 |

**NOTICE OF REMOVAL**

PLEASE TAKE NOTICE THAT Defendant RealPage, Inc. ("RealPage"), by and through its undersigned counsel, removes the above-captioned action from the 55th Judicial District Court of Harris County, Texas (the "Harris County District Court") to the United States District Court for the Southern District of Texas under 28 U.S.C. §§ 1441(a), 1446, and 1453, on the ground that

federal jurisdiction exists under the Class Action Fairness Act (CAFA), 28 U.S.C. § 1332(d)(2)(A).[1]

## I. NATURE OF THE ACTION

1. On September 22, 2025, Plaintiffs Gerald Conway, Hayden Johnson, Melissa McGuire, Robert Rowland, Andrew Williams, and Domonique Wilson, individually and on behalf of all others similarly situated, filed this action, captioned *Conway v. Greystar Real Estate Partners, LLC et al.*, in the Harris County District Court, bearing Cause No. 2025-71220 (the "State Court Action"). Plaintiffs' Original Petition is attached as part of Exhibit B.

2. The State Court Action is a putative, state-wide class action. Plaintiffs allege that lessors of multifamily residential rental housing colluded to use revenue management software developed by RealPage "to artificially inflate and maintain rental prices above competitive levels in Texas rental markets." Orig. Pet. ¶¶ 1, 82. According to the Petition, Defendants "coordinated [their] use of RealPage['s]" revenue management software and "entered into an agreement" that "had the purpose and effect of restraining trade and commerce." *Id.* ¶¶ 82–83 (emphasis omitted). Plaintiffs allege violations of the Texas Free Enterprise and Antitrust Act, civil conspiracy, fraud by omission, and unjust enrichment. *Id.* ¶¶ 75–116.

3. Plaintiffs seek to represent a class of:

> All persons who, during the applicable limitations period, leased multifamily residential real estate in Texas from any Management Defendant and/or paid rent that was set, influenced, or otherwise affected by or using RealPage's revenue management software.

*Id.* ¶ 31.

4. Plaintiffs claim that the alleged conspiracy "inflat[ed] rental prices above

[1] The statements in this Notice of Removal are for the purposes of removal only. By the assertion or omission of any statement, Real Page does not intend to waive and specifically reserves its rights to assert any defenses and/or objections which it may be entitled to assert through dispositive motion or otherwise.

competitive levels throughout the affected markets, including in Texas metropolitan areas such as Houston, Dallas-Fort Worth, and Austin," and "imposed significant monetary burdens on hundreds of thousands of Texas renters." *Id.* ¶¶ 60, 71. Plaintiffs seek trebled damages for allegedly having "paid higher rental prices than they would have in a competitive market." *Id.* at ¶¶ 85–86.

5. The State Court Action is the latest in a series of several dozen putative class action cases that began in fall 2022, alleging collusion by lessors of multifamily residential rental housing and RealPage. A multidistrict litigation is pending in the Middle District of Tennessee after being centralized there on April 12, 2023. *In re RealPage, Inc., Rental Software Antitrust Litig. (No. II)*, 23-md-03071 (M.D. Tenn.), Dkt. 1.

## II. REMOVAL IS PROCEDURALLY PROPER

6. RealPage was served with process on September 29, 2025. Exhibit B. This Notice of Removal is timely filed within 30 days of service of process on RealPage. 28 U.S.C. § 1446(b).

7. The Southern District of Texas – Houston Division is the proper venue in which to remove this cause of action. The 55th Judicial District Court of Harris County, Texas, is located within the Southern District of Texas – Houston Division. Venue is proper under 28 U.S.C. § 124(a) because this is the "district and division embracing the place where such action is pending." *Id.* § 1441(a).

8. No previous application has been made for the relief requested herein.

9. Under CAFA, a class action "may be removed by any defendant *without* the consent of all defendants." *Id.* § 1453(b) (emphasis added).

10. In accordance with 28 U.S.C. § 1446(d), RealPage will promptly provide written notice of removal of the State Court Action to Plaintiffs and will promptly file a copy of this Notice of Removal with the Clerk of Court for Harris County, Texas.

11. In accordance with 28 U.S.C. § 1446(a) and (d) and Local Rule 81, true and correct copies of process, pleadings, and orders filed in the State Court Action are attached:

| | |
|---|---|
| **Exhibit A** | Index of Matters Being Filed; |
| **Exhibit B** | All executed process in this case, all pleadings, including copies of:<br><br>Plaintiffs' Original Petition, Requests for Issuance of Citation, Certificates of Service, and The Harris County District Clerk's Docket Sheet; |
| **Exhibit C** | Notice of Removal to be filed and served in State Court Action; |
| **Exhibit D** | List of all Counsel of Record, including addresses, telephone numbers, and parties represented; |
| **Exhibit E** | Civil Cover Sheet |

## III. THE COURT HAS JURISDICTION OVER THIS PUTATIVE CLASS ACTION

12. CAFA provides for removal of this suit and the Court has subject matter jurisdiction pursuant to CAFA. 28 U.S.C. §§ 1332(d), 1453(b).

13. CAFA defines a class action as "any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar state statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action." *Id.* §§ 1332(d)(1)(B), 1453(a).

14. CAFA grants federal district courts original jurisdiction over putative class actions in which: (i) the putative class consists of at least 100 proposed class members, *id.* § 1332(d)(5)(B); (ii) any member of the putative class of Plaintiffs is a citizen of a State different from that of any defendant (so-called minimal diversity), *id.* § 1332(d)(2), and (iii) the amount in controversy exceeds $5 million in the aggregate, exclusive of interests and costs, *id*.

15. Jurisdiction under CAFA is determined "at the time of removal." *Louisiana v. Am. Nat'l Prop. & Cas. Co.*, 746 F.3d 633, 636 (5th Cir. 2014). As set forth below, this action satisfies each of the requirements for original jurisdiction under CAFA.

### A. This Action Meets CAFA's Class Action Definition

16. Without conceding that there is any merit to the Original Petition, this action meets the CAFA definition of a class action. Plaintiffs brought this action "pursuant to Texas Rule of Civil Procedure 42 on behalf of themselves and all others similarly situated." Orig. Pet. ¶ 30. "Texas Rule of Civil Procedure Rule 42 . . . governs class actions filed in Texas state courts." *Racca v. EFG Gen. Partner Corp.*, 2023 WL 3938861, at *5 (E.D. Tex. June 9, 2023) (citing Tex. R. Civ. P. 42(a)). Plaintiffs thus "filed this case under a state rule of judicial procedure authorizing class actions, thereby meeting [CAFA's] definition of class action." *Id.* (CAFA jurisdiction because suit was "filed pursuant to Texas Rule of Civil Procedure 42").

### B. The Proposed Class Consists of More than 100 Persons

17. CAFA is also satisfied because Plaintiffs allege that the putative class exceeds 100 individuals. Orig. Pet. ¶ 60. Plaintiffs claim that the alleged scheme impacted "hundreds of thousands of Texas renters." *Id.* Because the putative class consists of at least 100 proposed class members,[2] the requirement of 28 U.S.C. § 1332(d)(5) is satisfied.

### C. Minimal Diversity Exists

18. CAFA "replace[s] the ordinary requirement of complete diversity of citizenship among all plaintiffs and defendants with a requirement of minimal diversity." *Miss. ex rel. Hood v. AU Optronics Corp.*, 571 U.S. 161, 165 (2014) (internal citations omitted).

19. Minimal diversity requires only that the citizenship of one plaintiff is different from the citizenship of one defendant. 28 U.S.C. § 1332(d)(2)(A).

20. Here, minimal diversity exists because the named Plaintiffs and at least seven Defendants are citizens of different states.

---

[2] RealPage disputes and reserves the right to contest at the appropriate time Plaintiffs' allegations that this case can properly be certified and proceed as a class action.

21. Defendant Greystar Real Estate Partners, LLC is a Delaware limited liability company with its principal place of business in Charleston, South Carolina. Orig. Pet. ¶ 17. Accordingly, Greystar Real Estate Partners, LLC is a citizen of Delaware and South Carolina for purposes of CAFA jurisdiction. *JMCB, LLC v. Bd. of Com. & Indus.*, 293 F. Supp. 3d 580, 586 (M.D. La. 2017) (holding a limited liability company is an unincorporated association as defined in 28 U.S.C. § 1332(d)(10)); *Williams v. Steward Health Care Sys.*, 2021 WL 7629734, at *15 n.5 (E.D. Tex. Dec. 16, 2021) (same); *see also* 28 U.S.C. § 1332(d)(10) ("[A]n unincorporated association shall be deemed to be a citizen of the State where it has its principal place of business and the State under whose laws it is organized.").

22. Defendant Greystar RS National, LLC is a Delaware limited liability company with its principal place of business in Charleston, South Carolina. Orig. Pet. ¶ 18. Accordingly, Defendant Greystar RS National, LLC is a citizen of Delaware and South Carolina for purposes of CAFA jurisdiction. *See JMCB, LLC*, 293 F. Supp. 3d at 586; *see also* 28 U.S.C. § 1332(d)(10).

23. Defendant Greystar Management Servies, LLC is a Delaware limited liability company with its principal place of business in Charleston, South Carolina. Orig. Pet. ¶ 19. Accordingly, Defendant Greystar Management Servies, LLC is a citizen of Delaware and South Carolina for purposes of CAFA jurisdiction. *See JMCB, LLC*, 293 F. Supp. 3d at 586; *see also* 28 U.S.C. § 1332(d)(10).

24. Defendant LivCor is a Delaware limited liability company with its principal place of business in Chicago, Illinois. Orig. Pet. ¶ 24. Accordingly, Defendant LivCor is a citizen of Delaware and Illinois for purposes of CAFA jurisdiction. *See JMCB, LLC*, 293 F. Supp. 3d at 586; *see also* 28 U.S.C. § 1332(d)(10).

25. Defendant Cushman & Wakefield, Inc. is a New York corporation with its principal

place of business in Chicago, Illinois. Orig. Pet. ¶ 25. Accordingly, Defendant Cushman & Wakefield, Inc. is a citizen of New York and Illinois. *Bell v. Moawad Grp., LLC*, 2017 WL 2841679, at *3 (W.D. Tex. June 30, 2017) ("The Supreme Court has held a corporation is 'at home' in the state of incorporation and principal place of business.").

26. Defendant Cortland Management, LLC is a Delaware limited liability company with its principal place of business in Atlanta, Georgia. Orig. Pet. ¶ 27. Accordingly, Defendant Cortland Management, LLC is a citizen of Delaware and Georgia for purposes of CAFA jurisdiction. *See JMCB, LLC*, 293 F. Supp. 3d at 586; *see also* 28 U.S.C. § 1332(d)(10).

27. Defendant Cortland Services, LLC is a Delaware limited liability company with its principal place of business in Atlanta, Georgia. Orig. Pet. ¶ 28. Accordingly, Defendant Cortland Services, LLC is a citizen of Delaware and Georgia for purposes of CAFA jurisdiction. *See JMCB, LLC*, 293 F. Supp. 3d at 586; *see also* 28 U.S.C. § 1332(d)(10).

28. RealPage is a Delaware Corporation with its principal place of business in Texas. Org. Pet. ¶ 16. Accordingly, RealPage is a citizen of Delaware and Texas for purposes of diversity. *Bell*, 2017 WL 2841679, at *3.

29. The named Plaintiff Gerald Conway is an individual domiciled in Dallas County, Texas and therefore is a citizen of Texas. Orig. Pet. ¶ 10.

30. The named Plaintiff Hayden Johnson is an individual domiciled in Travis County, Texas and therefore is a citizen of Texas. Orig. Pet. ¶ 11.

31. The named Plaintiff Melissa McGuire is an individual domiciled in Dane County, Wisconsin and therefore is a citizen of Wisconsin. Orig. Pet. ¶ 12.

32. The named Plaintiff Robert Rowland is an individual domiciled in Carolina County, Maryland and therefore is a citizen of Maryland. Orig. Pet. ¶ 13.

33. The named Plaintiff Andrew Williams is an individual domiciled in Collin County, Texas and therefore is a citizen of Texas. Orig. Pet. ¶ 14.

34. The named Plaintiff Domonique Wilson is an individual domiciled in Harris County, Texas and therefore is a citizen of Texas. Orig. Pet. ¶ 15.

**D. The Amount in Controversy Exceeds $5,000,000**

35. This action satisfies the amount in controversy requirement of 28 U.S.C. § 1332(d)(2), because the amount at stake exceeds $5,000,000 exclusive of interests and costs.

36. Under CAFA, the claims of the individual class members are aggregated to determine if the amount in controversy exceeds the required "sum or value of $5,000,000 exclusive of interests and costs." 28 U.S.C. §§ 1332(d)(2), (d)(6).

37. "The amount in controversy may be established either from the viewpoint of the plaintiff or the viewpoint of the defendant, and regardless of the type of relief sought (e.g., damages, injunctive relief, or declaratory relief)." *Lewis v. Auto Club Family Ins. Co.*, 2011 WL 3444312, at *3 (M.D. La. July 7, 2011) (internal citations and quotations omitted).

38. A removing defendant's initial burden with respect to CAFA's $5,000,000 amount in controversy requirement is to present a plausible allegation of the amount at stake in its notice of removal. *See Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 87–88 (2014); *Carter v. Westlex Corp.*, 643 F. App'x 371, 375 (5th Cir. 2016) (same). Evidence establishing the amount is required only when the amount is contested. *Dart*, 574 U.S. at 89.[3]

39. It is well settled that in determining the amount in controversy for removal

[3] RealPage will provide evidence to support the allegation of this pleading if required in response to any challenge to the Court's jurisdiction. Upon removal, however, a removing defendant is required to provide only a "short and plain statement" of the bases for removal and need not present or plead evidentiary detail. *Dart*, 574 U.S. at 83; *see also Hertz Corp v. Friend*, 559 U.S. 77, 96–97 (2010) ("When challenged on allegations of jurisdictional facts, the parties [who assert jurisdiction] must support their allegations by competent proof.").

purposes, the Court may consider compensatory damages, attorney's fees, and exemplary or punitive damages. *See, e.g., Maguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002) ("If a state statute provides for attorney's fees, such fees are included as part of the amount in controversy."); *Foret v. S. Farm Bureau Life Ins. Co.*, 918 F.2d 534, 537 (5th Cir. 1990) (same); *Wilson v. Hibu Inc.*, 2013 WL 5803816, at *3 (N.D. Tex. Oct. 28, 2013) (considering "various categories of compensatory damages," "requests for punitive damages," and attorneys' fees in determining amount in controversy); *McPeters v. LexisNexis*, 2011 WL 2434088, at *2 (S.D. Tex. June 10, 2011) (considering compensatory damages, attorneys' fees, and exemplary damages in determining amount in controversy under CAFA); *see also Standard Fire Ins. Co. v. Knowles*, 568 U.S. 588, 594–96 (2013) (explaining class action plaintiffs cannot stipulate to seek less than $5 million to avoid CAFA jurisdiction).

40. Based on an alleged conspiracy that they claim "beg[an] no later than 2016 and continu[es] through the present," Plaintiffs seek "[t]hreefold the damages sustained," which they purport to measure in terms of the "higher rental prices" paid relative to what they allege they would have paid in "a competitive market." Orig. Pet. ¶¶ 42, 60, 85–86. Plaintiffs allege "that renters in algorithmically priced buildings paid an average of $70 more per month in 2023, totaling an estimated $3.8 billion in excess rent nationwide." *Id.* ¶ 58. And Plaintiffs allege that differences in rental prices were even higher for renters in Texas than nationwide: "[I]n the Dallas-Fort Worth Metropolitan area, renters in RealPage-linked units paid about $132 more per month on average in 2023." *Id.* "And in the Houston metropolitan area, renters in RealPage-linked units paid about $83 more per month on average in 2023." *Id.* Taking Plaintiffs' $70 per month alleged nationwide average and multiplying it by 100,000 (since Plaintiffs allege "hundreds of thousands of Texas renters" in the putative class, *id.* ¶ 60) yields $84 million in un-trebled damages, *just for 2023*.

41. In addition to Plaintiffs' claim for money damages, Plaintiffs seek to disgorge all of Defendants' "gains" from the alleged misconduct, Orig. Pet. ¶¶ 113–15, and allege that they and each putative class member are entitled to "exemplary damages under Texas Law," Orig. Pet. ¶¶ 95–96, 106–07. *See Carter v. Westlex Corp.*, 643 F. App'x 371, 376 (5th Cir. 2016) (explaining CAFA jurisdictional amount requirement is met based on "what the plaintiff is claiming," including estimated exemplary damages, and not what "the plaintiff is likely to . . . be awarded") (internal quotes and citations omitted).[4]

42. Moreover, nothing in Plaintiffs' complaint suggests—much less proves—that $5 million or less is at stake. *Groh v. Travelers Ins. Co.*, 2008 WL 5216221, at *2 (E.D. La. Dec. 12, 2008) ("According to Firth Circuit precedent, once a defendant shows that the amount in controversy is greater than the jurisdictional limit a plaintiff may only overcome a presumption of jurisdiction by showing that, as a matter of law, it is certain that the plaintiff will not be able to recover more than the damages for which he has prayed in the state court complaint." (internal quotes and alteration omitted)).

43. RealPage disputes that it is liable to Plaintiffs or the putative class, or that Plaintiffs or the putative class suffered any injury or incurred damages in any amount whatsoever as a result of their conduct. But for purposes of satisfying the jurisdictional prerequisites of CAFA, the amount in controversy exceeds $5,000,000 by Plaintiffs' own requested damages and relief.

**E. No Exceptions to CAFA Jurisdiction Apply**

44. While 28 U.S.C. § 1332(d)(3) and (4) recognize situations where this Court may or must decline jurisdiction despite the fact that minimal diversity jurisdiction and the amount in controversy requirements of § 1332(d)(2) are satisfied, Plaintiffs shoulder the burden of

---

[4] RealPage will provide evidence to support the allegations of this pleading if required in response to any challenge to the Court's jurisdiction.

establishing that any of these narrow exceptions apply after removal. *Preston v. Tenet Healthsystems Mem'l Med. Ctr., Inc.*, 485 F.3d 804, 813 (5th Cir. 2007) ("[O]nce federal jurisdiction has been established under [CAFA], the *objecting* party bears the burden of proof as to the applicability of any express statutory exception under §§ 1332(d)(4)(A) and (B)." (emphasis in original)); *see also Cheapside Mins., Ltd. v. Devon Energy Prod. Co., L.P.*, 94 F.4th 492, 500 (5th Cir. 2024) ("The language, structure, and history of CAFA all demonstrate that Congress contemplated broad federal court jurisdiction with only narrow exceptions."); *Arbuckle Mountain Ranch of Tex., Inc. v. Chesapeake Energy Corp.*, 810 F.3d 335, 337 (5th Cir. 2016) (same).

## IV. CONCLUSION

45. RealPage removes the above-captioned action pending in the Harris County District Court to this Court under 28 U.S.C. § 1332(d) and requests that further proceedings be conducted in the Houston Division of the U.S. District Court for the Southern District of Texas.

Dated: October 17, 2025

Respectfully submitted,


By: */s/ Collin J. Cox*

Collin J. Cox (Tex. Bar No. 24031977)
(SDTX Bar No. 654469)
ccox@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
811 Main Street, Suite 3000
Houston, Texas 77002-6117
Telephone: 346.718.6600
Facsimile: 346.718.6620

Jay P. Srinivasan (*pro hac vice* forthcoming)
jsrinivasan@gibsondunn.com
Daniel G. Swanson (*pro hac vice* forthcoming)
dswanson@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, California 90071-3197
Telephone: 213.229.7000
Facsimile: 213.229.7520

Stephen Weissman (*pro hac vice* forthcoming)
sweissman@gibsondunn.com
Michael J. Perry (*pro hac vice* forthcoming)
mjperry@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1700 M Street, N.W.
Washington, D.C. 20036-4504
Telephone: 202.955.8500
Facsimile: 202.467.0539

Chris Whittaker (*pro hac vice* forthcoming)
cwhittaker@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
3161 Michelson Drive
Suite 1200
Irvine, California 92612-4412
Telephone: 949.451.3800
Facsimile: 949.451.4220

Ben A. Sherwood (*pro hac vice* forthcoming)
bsherwood@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue

New York, New York 10166-0193
Telephone: 212.351.4000
Facsimile: 212.351.4035

*Attorneys for Defendant REALPAGE, INC.*

**Certificate of Service**

I hereby certify that on this 17th day of October 2025, I caused a true and correct copy of the foregoing to be served pursuant to the Federal Rules of Civil Procedure via certified mail on counsel of record for Plaintiffs and via email on counsel of record for Defendants.

/s/*Collin J. Cox*
Collin J. Cox